**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–02302 BRO (JCx)<br>CV 15–02311 BRO (JCx)<br>CV 15–02317 BRO (JCx)<br>CV 15–02318 BRO (JCx)<br>CV 15–02319 BRO (JCx)<br>CV 15–02320 BRO (JCx) | Date | June 1, 2015 |
|---|---|---|---|
| Title | AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.<br>LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.<br>THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL. | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**     (IN CHAMBERS)

### ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND

### I.     INTRODUCTION

This Court currently presides over eight related cases regarding the manufacture and distribution of a particular model of a duodenoscope used by medical practitioners at the University of California Los Angeles Ronald Reagan Medical Center ("UCLA Medical Center") between October 2014 and December 2014. The device has allegedly caused some individuals exposed to it to contract highly drug-resistant, potentially lethal bacterial infections. The plaintiffs in each of these cases bring state law tort claims for products liability, negligence, intentional and negligent misrepresentation, and, in some cases, survival actions and claims for wrongful death. One of these cases, brought by plaintiffs Jeffrey John Hughes and Annie Ruth Hughes, was originally filed in this Court.[1] The remaining seven cases were filed in the Superior Court of California, County

---

[1] This case is *Jeffrey John Hughes et al. v. Olympus America, Inc. et al.*, CV No. 15–02103 BRO (JCx).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–02302 BRO (JCx)<br>CV 15–02311 BRO (JCx)<br>CV 15–02317 BRO (JCx)<br>CV 15–02318 BRO (JCx)<br>CV 15–02319 BRO (JCx)<br>CV 15–02320 BRO (JCx) | Date | June 1, 2015 |
|---|---|---|---|
| Title | AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.<br>LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.<br>THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL. | | |

of Los Angeles and later removed and related to the *Hughes* case. Currently pending before the Court are six separate motions to remand.[2] After considering the papers filed in support of and in opposition to the instant motions, the Court deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Plaintiffs' motions.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs in the six matters seeking remand are all residents and citizens of California.[3] (Compl. ¶ 6.)[4] Defendants are Olympus America, Inc. ("Olympus America"), Olympus Corporation of the Americas ("Olympus Corporation"), Olympus Medical System Corporation ("Olympus Medical"), Vincent J. Hernandez ("Mr. Hernandez"), Eric Arabit ("Mr. Arabit"), and Katrina Respicio ("Ms. Respicio").[5] (Compl. ¶¶ 7–12.) Olympus America and Olympus Corporation are both citizens of New York and Pennsylvania, and Olympus Medical is a foreign corporation and a citizen of

---

[2] The only removed action in which the plaintiffs have not filed a motion to remand is *Michael R. Horn et al. v. Olympus America, Inc. et al.*, CV No. 15–03315 BRO (JCx). This Order has no effect on the case.

[3] The Court will refer to Aaron Young, Leo Palomino, Paul Campbell, Armando Cerda, Babak Shahpar, and Domingo Gomez collectively as "Plaintiffs."

[4] Because the moving Plaintiffs filed essentially identical complaints, the Court will refer to the allegations and cite to the pleadings collectively.

[5] The Court will refer to the three entity defendants as "Olympus Defendants" and the three individual defendants as "Individual Defendants." The Court will refer to all defendants collectively as "Defendants."

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15–02302 BRO (JCx)**<br>**CV 15–02311 BRO (JCx)**<br>**CV 15–02317 BRO (JCx)**<br>**CV 15–02318 BRO (JCx)**<br>**CV 15–02319 BRO (JCx)**<br>**CV 15–02320 BRO (JCx)** | Date | June 1, 2015 |
|---|---|---|---|
| Title | **AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.**<br>**LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.**<br>**THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.**<br>**THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.**<br>**THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.**<br>**DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL.** | | |

Japan. (Compl. ¶¶ 7–9.) Individual Defendants are all citizens of California who work as sales representatives for Olympus America. (Compl. ¶¶ 10–12.)

Olympus Defendants manufacture and sell duodenoscopes designed for repeated use in endoscopic retrograde cholangiopancreatography procedures ("ERC procedures"). (Compl. ¶ 18.) Sometime in 2014, Olympus Defendants redesigned the TJF-Q180V duodenoscope (the "Q180V Scope") to broaden the range of positions in which the device's guide wire can be secured and enhance the scope's mobility. (Compl. ¶ 20.) According to Plaintiffs, Olympus Defendants failed to update the reprocessing protocols for the Q180V Scope in response to the redesign. (Compl. ¶ 21.) Plaintiffs allege that because of the complex design of duodenoscopes in general, which involve various moving parts and components that are not easily accessible, the devices are difficult to effectively clean and disinfect after use. (Compl. ¶ 19.) As a result, there is a risk that the scopes may remain contaminated with residual body fluids and organic debris even after cleaning. (Compl. ¶ 19.)

Plaintiffs allege that before redesigning the Q180V Scope, Olympus Defendants knew that duodenoscopes, by their nature, are difficult to clean and therefore pose health risks to patients exposed to the devices. (Compl. ¶ 22.) Plaintiffs also allege that Olympus Defendants knew their own designs were difficult to clean. (Compl. ¶ 22.) To that end, Plaintiffs aver that in 2013, Olympus Defendants learned about a rash of infections in Washington related to the Q180V Scope's predecessor that led to at least four fatalities. (Compl. ¶ 22.) According to Plaintiffs, Olympus Defendants' failure to issue updated reprocessing protocols in connection with the redesigned Q180V Scope's market release placed patients, including Plaintiffs, at a high risk of developing debilitating and potentially lethal infections. (Compl. ¶¶ 27–28.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15–02302 BRO (JCx)** **CV 15–02311 BRO (JCx)** **CV 15–02317 BRO (JCx)** **CV 15–02318 BRO (JCx)** **CV 15–02319 BRO (JCx)** **CV 15–02320 BRO (JCx)** | Date | June 1, 2015 |
|---|---|---|---|
| Title | **AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.** **LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.** **THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.** **THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.** **THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.** **DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL.** | | |

All of the related cases before this Court involve patients who underwent medical procedures at the UCLA Medical Center between October 2014 and December 2014. Plaintiffs allege that Olympus Defendants, through their sales representatives, including Individual Defendants, sold the redesigned Q180V Scope to the UCLA Medical Center without providing proper or updated reprocessing protocols, and that the hospital complied with Defendants' existing protocols in reliance on Defendants' representation that they were adequate and effective to properly clean and disinfect the device. (Compl. ¶¶ 25–26.) Plaintiffs seek compensatory and punitive damages for their injuries and, in some cases, deaths resulting from infections developed after undergoing medical procedures and exposure to the Q180V Scope.

Defendants removed these matters on March 27, 2015, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. In the notices of removal, Defendants contend that Individual Defendants—the only California residents and non-diverse defendants in all six cases—were fraudulently joined. On April 22, 2015, Plaintiffs filed the instant motions to remand, contesting Defendants' claim of fraudulent joinder and requesting that these cases be returned to the Superior Court of California, County of Los Angeles.[6] Defendants timely opposed the motions, and Plaintiffs timely replied.[7]

## III. LEGAL STANDARD

---

[6] The six remand motions are identical. The same is true with respect to Defendants' opposition papers and Plaintiffs' reply papers. Accordingly, the Court will cite to each set of briefs collectively.

[7] The Court vacated the hearing on these matters on May 29, 2015. Shortly thereafter, Plaintiffs filed notices of supplemental authority in support of their motions. Defendants have objected to these filings. The Court has not considered the additional authorities listed in Plaintiffs' supplemental notice. Defendants' objections are therefore **OVERRULED** as moot.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–02302 BRO (JCx)<br>CV 15–02311 BRO (JCx)<br>CV 15–02317 BRO (JCx)<br>CV 15–02318 BRO (JCx)<br>CV 15–02319 BRO (JCx)<br>CV 15–02320 BRO (JCx) | Date | June 1, 2015 |
|---|---|---|---|
| Title | AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.<br>LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.<br>THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL. | | |

Federal courts are of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to the diversity statute, 28 U.S.C. § 1332. Under § 1332, a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The United States Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court. 28 U.S.C. § 1441(a). This means removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. 28 U.S.C. § 1441(b)(2).

There is an exception to the complete diversity rule for fraudulently joined or "sham" defendants. Thus, a non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). It exists (and the non-diverse defendant is ignored for purposes of determining diversity of the parties) if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.*; *accord Ritchey v. Upjohn Drug Co.*, 139 F.2d 1313, 1318 (9th Cir. 1998). "A merely defective statement of the plaintiff's action does not warrant removal . . . . It is only

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15–02302 BRO (JCx)**<br>**CV 15–02311 BRO (JCx)**<br>**CV 15–02317 BRO (JCx)**<br>**CV 15–02318 BRO (JCx)**<br>**CV 15–02319 BRO (JCx)**<br>**CV 15–02320 BRO (JCx)** | Date | June 1, 2015 |
|---|---|---|---|
| Title | **AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.**<br>**LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.**<br>**THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.**<br>**THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.**<br>**THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.**<br>**DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL.** | | |

where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent." *Albi v. St. & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944).

District courts may consider "the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339; *see also Ritchey*, 139 F.3d at 1318 (explaining that where fraudulent joinder is at issue, a district court may look beyond the pleadings because "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory."). Thus, a court may consider declarations and affidavits to determine whether "discrete and undisputed facts" would preclude recovery against the non-diverse defendants. *Hunter*, 582 F.3d at 1044. The Ninth Circuit has adopted the view that because the party seeking removal bears the burden of demonstrating fraudulent joinder, "'the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.'" *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc)).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.* Nevertheless, removal is proper in cases involving a non-diverse defendant where the non-diverse defendant was fraudulently joined. *See Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quoting *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003)).

## IV. DISCUSSION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–02302 BRO (JCx)<br>CV 15–02311 BRO (JCx)<br>CV 15–02317 BRO (JCx)<br>CV 15–02318 BRO (JCx)<br>CV 15–02319 BRO (JCx)<br>CV 15–02320 BRO (JCx) | Date | June 1, 2015 |
|---|---|---|---|
| Title | AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.<br>LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.<br>THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL. | | |

To defeat Plaintiffs' motions to remand, Defendants bear the burden of demonstrating that Individual Defendants have been improperly named in this matter. *See Gaus*, 980 F.2d at 566. "There is a general presumption against a finding of fraudulent joinder, and the removing party must prove by clear and convincing evidence that joinder was fraudulent." *Huber v. Tower Grp., Inc.*, 881 F. Supp. 2d 1195, 1199 (E.D. Cal. 2012); *accord Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."). To avoid remand, Defendants must establish that Plaintiffs have failed to state a claim against Individual Defendants based on well-settled California law. *McCabe*, 811 F.2d at 1339. Plaintiffs, on the other hand, may show that Individual Defendants were not fraudulently joined and that the removal was improper merely by demonstrating that there is "any possibility" they will be able to establish liability. *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000).

Plaintiffs bring claims for products liability, negligence, and fraudulent and negligent misrepresentation against Individual Defendants. The negligence and misrepresentation claims are based upon the allegation that Individual Defendants knew or should have known that the redesigned Q180V Scope required new reprocessing protocols for safe and proper use, and that despite this knowledge, they continued to market the device as safe and effective. (Compl. ¶¶ 42–44, 48–53, 57–62.) Defendants contend that these claims fail under well-settled California law for two reasons. (*See* Opp'n at 6–7.) First, Defendants assert that a sales representative cannot be liable for providing information he or she did not know to be false. (*Id.* at 7–11.) Second, Defendants maintain that an employee cannot be liable for actions taken on behalf of his or her employer unless the employee acted out of personal interest. (*Id.* at 11–13.) The Court will address each argument in turn.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–02302 BRO (JCx)<br>CV 15–02311 BRO (JCx)<br>CV 15–02317 BRO (JCx)<br>CV 15–02318 BRO (JCx)<br>CV 15–02319 BRO (JCx)<br>CV 15–02320 BRO (JCx) | Date | June 1, 2015 |
|---|---|---|---|
| Title | AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.<br>LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.<br>THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL. | | |

### A. Whether Plaintiffs' Claims are Precluded Because Individual Defendants Did Not Know the Information They Provided Was False

Defendants rely on two district court decisions within the Ninth Circuit, as well as an Eleventh Circuit opinion, to support their argument that Individual Defendants cannot be liable because they did not know any information they provided about the Q180V Scope or the reprocessing protocols was false. To support the claim that Individual Defendants had no knowledge, Defendants have submitted affidavits from Mr. Hernandez, Mr. Arabit, and Ms. Respicio. The relevant testimonies are set forth below.

Mr. Arabit and Ms. Respicio are employed by Olympus America as endoscopy support specialists. In this role, they work with health care providers who have purchased Olympus Defendants' duodenoscopes to assist with operating and cleaning the devices. (*See* Arabit Aff. ¶ 2; Respicio Aff. ¶ 2.) Ms. Hernandez serves as an endoscopy account manager and assists physicians and health care providers with the purchase and operation of Olympus Defendants' duodenoscopes. (Hernandez Aff. ¶ 2.)[8] Individual Defendants maintain the information they provide to their customers is first created by the device manufacturer and then given to them through their employer, Olympus America, who does not design or manufacture the devices but only distributes them. (Individual Defs. Aff. ¶¶ 2, 3.) Individual Defendants do not independently investigate the information Olympus America provides them, nor do they independently review any scientific literature; in fact, Olympus America's corporate policies prohibit them from doing so. (*Id.* ¶ 3.) Thus, the information Individual Defendants provide to physicians and health care providers regarding the use and reprocessing of duodenoscopes, including the Q180V Scope, is limited to what Olympus America provides. Individual Defendants

---

[8] Because the affidavits are similar in content and identically paragraphed, the Court will hereinafter cite to the three affidavits collectively.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–02302 BRO (JCx)<br>CV 15–02311 BRO (JCx)<br>CV 15–02317 BRO (JCx)<br>CV 15–02318 BRO (JCx)<br>CV 15–02319 BRO (JCx)<br>CV 15–02320 BRO (JCx) | Date | June 1, 2015 |
|---|---|---|---|
| Title | AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.<br>LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.<br>THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL. | | |

also aver that they are not and have never been aware of any defects associated with the Q180V Scope or the applicable reprocessing protocols, and that they first learned of the allegations underlying Plaintiffs' claims in 2015.  (*Id.* ¶ 5.)

Defendants primarily rely on *Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151 (N.D. Cal. 2009), for the argument that Individual Defendants cannot be liable for merely providing information given to them by their employer.  *Vu*, however, does not extend so far.  The *Vu* case involved a wrongful death suit in connection with the death of the plaintiffs' five-year-old son, who died after taking a cold medication to treat a runny nose.  *Id.* at 1152.  The defendants removed the case on the basis of fraudulent joinder, asserting that the plaintiffs had no cognizable claim against the only non-diverse defendant, who served as a sales representative.  *Id.* at 1152–53.  In opposing the plaintiffs' remand motion, the sales representative filed a declaration stating that she never communicated with the plaintiffs, never marketed the medication linked to the child's death, and never provided the medication to any physicians.  *Id.* at 1154.

Although the plaintiffs in *Vu* brought claims for strict products liability, negligence, and fraudulent concealment, the only claim asserted against the sales representative was for negligence.  *See id.* at 1152, n.1.  Thus, the *Vu* court's inquiry was limited to whether the sales representative could have any duty to the plaintiffs to warn about the cold medication's potential dangers.  In finding that she could not, the court primarily relied upon the fact that the plaintiffs failed to contest or rebut the sales representative's statement that she never marketed or distributed the medication that allegedly caused the child's death.  *Id.* at 1155.  Nevertheless, the court also indicated that even if the representative had marketed the drug, she could not be personally liable under a negligence theory to the extent she relied on information supplied by her employer.  *Id.* at 1154 ("Thus, even if Shibata had marketed the medication at issue, she had no duty to investigate the safety of the medication beyond the information supplied

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–02302 BRO (JCx)<br>CV 15–02311 BRO (JCx)<br>CV 15–02317 BRO (JCx)<br>CV 15–02318 BRO (JCx)<br>CV 15–02319 BRO (JCx)<br>CV 15–02320 BRO (JCx) | Date | June 1, 2015 |
|---|---|---|---|
| Title | AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.<br>LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.<br>THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL. | | |

[to her] by her employer. To the extent that Shibata may have relied on such information, she could not be held personally liable."). Defendants seize upon this language in arguing that Individual Defendants have no duty to Plaintiffs in this case.

Even assuming *Vu* stands for the proposition that medical sales representatives have no duty to independently investigate the safety of the drugs or devices they market, the case does not go so far as to hold that sales representatives who rely on employer-provided information can never be liable in tort. Unlike the plaintiffs in *Vu*, Plaintiffs here have also alleged claims for products liability and fraudulent and negligent misrepresentation. These claims do not necessarily depend upon the same type of duty at issue in the *Vu* case, or any duty at all. Assuming Individual Defendants knew that the Q180V Scope's existing reprocessing protocols were inadequate, as Plaintiffs allege, then their failure to inform physicians and health care providers of as much—as well as their alleged deliberate misrepresentations to the contrary—could support Plaintiffs' claims.

Defendants also rely upon *Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005). Like *Vu*, *Legg* involved a claim of fraudulent joinder with respect to non-diverse defendants who worked as sales representatives. The plaintiffs in *Legg*, however, also brought misrepresentation claims against these defendants. In finding that there was no reasonable possibility the plaintiffs could state a claim for misrepresentation against one of the representatives, the Eleventh Circuit relied on the fact that he filed a sworn affidavit affirming that he never marketed, sold, promoted, detailed, or distributed the drug at issue. 428 F.3d at 1321, 1324. With respect to the representative who did promote and market the drug, the court found that the plaintiffs could not state a claim for misrepresentation because the representative testified that she had no knowledge of the drug's risks and relied entirely upon information provided to her by her employer. *Id.* at 1321. Because the plaintiffs offered no evidence to dispute this testimony, no court could find the representative liable for a negligent misrepresentation. *Id.* at 1324–25 ("Quite

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–02302 BRO (JCx)<br>CV 15–02311 BRO (JCx)<br>CV 15–02317 BRO (JCx)<br>CV 15–02318 BRO (JCx)<br>CV 15–02319 BRO (JCx)<br>CV 15–02320 BRO (JCx) | Date | June 1, 2015 |
|---|---|---|---|
| Title | AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.<br>LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.<br>THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL. | | |

simply, there is no reasonable basis to predict that an Alabama court would find [the representative], as an individual employee, personally liable for any wrongful action by [her employer] in the absence of evidence that [she] either knew or should have known of [the drug's] allegedly dangerous effects.").

Like the second sales representative in *Legg*, Individual Defendants affirm that although they may have been involved in the marketing and sale of the Q180V Scope, they did not know that the device was defective or that the existing reprocessing protocols were inadequate. (*See* Individual Defs. Aff. ¶ 5.) Unlike the case in *Legg*, however, Plaintiffs here have offered sufficient evidence to dispute these representations. For example, in January 2012, a Dutch hospital noticed a significant rise in drug-resistant infections among patients who underwent procedures involving the Q180V Scope. (*See* Decl. of Peter Kaufman in Supp. of Reply ("Kaufman Decl.") Ex. C.) The hospital avoided a further outbreak of infections by reverting to an older model of the device, which researchers believe is easier to effectively clean. (*Id.* Ex. C.) Plaintiffs also point to evidence of a similar outbreak in Germany approximately one year later. Between December 2012 and January 2013, six patients at a German hospital contracted a drug-resistant infection after receiving ERC procedures performed with the same Q180V Scope. (*Id.* Ex. D.) The infections halted once the hospital stopped using the device. (*Id.* Ex. D.) Olympus Defendants also received notice of at least one case of a contaminated Q180V Scope and issued a safety alert in January 2013. (*Id.* Ex. E.) The companies issued a second alert in August 2014 following further complaints regarding residual debris remaining in Q180V Scopes after reprocessing. (*Id.* Ex. F.) During this same time frame, the federal Food and Drug Administration ("FDA") received 142 reports of contaminated duodenoscope devices, including those manufactured and distributed by Olympus Defendants. (*Id.* Ex. H.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15–02302 BRO (JCx)**<br>**CV 15–02311 BRO (JCx)**<br>**CV 15–02317 BRO (JCx)**<br>**CV 15–02318 BRO (JCx)**<br>**CV 15–02319 BRO (JCx)**<br>**CV 15–02320 BRO (JCx)** | Date | June 1, 2015 |
|---|---|---|---|
| Title | **AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.**<br>**LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.**<br>**THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.**<br>**THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.**<br>**THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.**<br>**DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL.** | | |

The Court recognizes that this evidence does not directly demonstrate Individual Defendants' actual knowledge of any foreign and domestic outbreaks linked to the Q180V Scope, or that they knew customers and researchers had expressed concern regarding the efficacy of the existing reprocessing protocols. The evidence does, however, show that Olympus Defendants were aware of some potential risks associated with the device, as well as the need for proper reprocessing to guard against the spread of drug-resistant, potentially lethal infections. (*See, e.g.*, *id.* Ex. F.) Given that Individual Defendants work for the device distributor and interface directly with physicians and health care providers, who may have received the safety alerts or otherwise heard about problems related to the Q180V Scope, it is reasonable to assume that they had at least some notice or knowledge of the possibility that the existing protocols were inadequate.

At this stage of the proceedings, the Court need not decide whether this evidence is sufficient to establish a claim for negligence or misrepresentation against Individual Defendants. It is enough that Plaintiffs have raised a factual dispute regarding the issue of knowledge. The possibility that Individual Defendants knew the existing reprocessing protocols were inadequate precludes the Court from finding that Plaintiffs could not state a claim under well-settled California law. *Cf. Legg*, 428 F.3d at 1324–25 (finding the plaintiffs could not state a claim for negligent misrepresentation because there was no evidence the sales representative knew or should have known about the drug's potentially deadly effects).

The final case Defendants rely upon, *DaCosta v. Novartis AG*, 180 F. Supp. 2d 1178 (D. Or. 2001), is also factually distinct. In that case, the sales representative submitted an affidavit affirming that he did not begin working for the manufacturer of the allegedly defective medication until after the plaintiff's physician first prescribed it. *Id.* at 1182. The representative also testified that his employer had not promoted the medication during his employment, and that he never personally detailed the medication

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–02302 BRO (JCx)<br>CV 15–02311 BRO (JCx)<br>CV 15–02317 BRO (JCx)<br>CV 15–02318 BRO (JCx)<br>CV 15–02319 BRO (JCx)<br>CV 15–02320 BRO (JCx) | Date | June 1, 2015 |
|---|---|---|---|
| Title | AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.<br>LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.<br>THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL. | | |

to the plaintiff, the plaintiff's physician, or the general public. *Id.* at 1183. Because the plaintiff offered no evidence to dispute these representations, the *DaCosta* court found that the representative was fraudulently joined, as the facts "would preclude any causal connection" between the representative's conduct and the plaintiff's injury. *Id.* In this case, however, Plaintiffs have offered sufficient evidence to raise a factual dispute regarding Individual Defendants' knowledge of the deficiencies regarding the Q180V Scope's reprocessing protocols. *DaCosta* is therefore inapposite.

To the extent Defendants challenge the factual allegations regarding Individual Defendants' knowledge on the basis that the allegations generally reference all Defendants, (*see* Opp'n at 9–10), this argument also fails to establish fraudulent joinder. "When there are multiple defendants and the plaintiff's complaint states factually similar allegations against all of the defendants, a finding of fraudulent joinder is necessarily intertwined with the substantive merits of the various causes of action. In such a case, 'there is no improper joinder; there is only a lawsuit lacking in merit.'" *Black Donuts, Inc. v. Sumitomo Corp. of Am.*, No. CV 10–00454 SVW, 2010 WL 9185024, at *4 (C.D. Cal. Mar. 3, 2010) (quoting *Smallwood*, 385 F.3d at 574; *Hunter*, 582 F.3d at 1044–45). Such a merits-based decision is improper at this stage of the proceedings where the Court's inquiry is limited to determining only the threshold jurisdictional issue of fraudulent joinder. *Id.*; *see also Smallwood*, 385 F.3d at 575 (citing *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 151–53 (1914); *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 218 (1906)).

### B. Whether Plaintiffs' Claims are Precluded Because Individual Defendants Did Not Act Out of Personal Interest

Defendants' second basis for fraudulent joinder asserts that because Individual Defendants are employees of Olympus America, they cannot be liable unless Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–02302 BRO (JCx)<br>CV 15–02311 BRO (JCx)<br>CV 15–02317 BRO (JCx)<br>CV 15–02318 BRO (JCx)<br>CV 15–02319 BRO (JCx)<br>CV 15–02320 BRO (JCx) | | Date | June 1, 2015 |
|---|---|---|---|---|
| Title | AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.<br>LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.<br>THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.<br>DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL. | | | |

allege that they acted out of personal interest. To the extent Defendants assert Individual Defendants are immune from liability because they acted within the course and scope of their employment, the Court disagrees. As the court explained in *Black Donuts*,

> The general rule in California and elsewhere is that an agent is liable for his tortious acts that injure a third party. California Civil Code § 2343(3) states that "an agent is responsible to third persons as a principal for his acts in the course of his agency . . . [w]hen his acts are wrongful in their nature." As explained by the standard treatise on black-letter California law, "[a]n agent or employee is always liable for his or her own torts, whether the principal is liable or not, and in spite of the fact that the agent acts in accordance with the principal's directions." 3 B.E. Witkin et al., *Summary of Cal. Law* § 199 (10th ed. 2009 supp.) (citing Cal. Civ. Code § 2343(3); *Perkins v. Blauth*, 163 Cal. 782, 787 (Cal. 1912); *Bayuk v. Edson*, 236 Cal. App. 2d 309, 320 (Cal. Ct. App. 1965); *Michaelis v. Benavides*, 61 Cal. App. 4th 681, 686 (Cal. Ct. App. 1998)).
>
> This rule is also stated in the Restatement of Agency. "An agent is subject to liability to a third party harmed by the agent's tortious conduct. Unless an applicable statute provides otherwise, an actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope of employment." Restatement (3d) of Agency § 7.01 (2006).

*Black Donuts*, 2010 WL 9185024, at *6. The *Black Donuts* court further explained that "[t]he general rule applies with equal force in the context of fraud and misrepresentation," *id.*, which are some of the central wrongs Plaintiffs have alleged against Individual Defendants in the Complaint. "'An agent who fraudulently makes

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–02302 BRO (JCx) <br> CV 15–02311 BRO (JCx) <br> CV 15–02317 BRO (JCx) <br> CV 15–02318 BRO (JCx) <br> CV 15–02319 BRO (JCx) <br> CV 15–02320 BRO (JCx) | Date | June 1, 2015 |
|---|---|---|---|
| Title | AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL. <br> LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL. <br> THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL. <br> THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL. <br> THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL. <br> DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL. | | |

representations, uses duress, or knowingly assists in the commission of tortious fraud or duress by his principal or by others is subject to liability in tort to the injured person although the fraud or duress occurs in a transaction on behalf of the principal.'" *Id.* (quoting Restatement (2d) of Agency, § 348 (1958)).

Here, Plaintiffs' allegations are sufficient to raise the possibility that, although Individual Defendants acted in their roles as sale representatives, they nevertheless engaged in independently wrongful conduct. Plaintiffs allege that Individual Defendants knew the risks associated with the redesigned Q180V Scope and reprocessing protocols, and that they nevertheless misrepresented the device as "safe for subsequent use" and existing protocols as "a safe and adequate means of cleaning and disinfecting" the scope. (Compl. ¶ 49.) Although Individual Defendants maintain that they had no such knowledge, Plaintiffs have proffered sufficient evidence to reasonably dispute these representations. Accordingly, the fact that Individual Defendants acted in their sales representative role is not dispositive.

The cases cited by Defendants do not identify any applicable exception to the general rule of an agent's potential liability. Although selective quotations from these cases appear to support Defendants' position, the cases are generally inapposite. For example, in *Mercado*, a bad faith insurance case involving claims for unfair business practices and breach of the covenant of good faith and fair dealing, the Ninth Circuit found that the plaintiff could not state a claim against the employee who handled the insurance claim because she acted in her capacity as an employee. 340 F.3d at 825–26. The court stated that "[i]t is well established that, unless an agent or employee acts as a dual agent," she cannot be individually liable "unless she acts for her own personal advantage." *Id.* at 826. In a footnote immediately following this statement, the court explained that an employee acts as a dual agent "by assuming special duties for the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15–02302 BRO (JCx)** <br> **CV 15–02311 BRO (JCx)** <br> **CV 15–02317 BRO (JCx)** <br> **CV 15–02318 BRO (JCx)** <br> **CV 15–02319 BRO (JCx)** <br> **CV 15–02320 BRO (JCx)** | Date | June 1, 2015 |
|---|---|---|---|
| Title | **AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.** <br> **LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.** <br> **THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.** <br> **THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.** <br> **THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.** <br> **DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL.** | | |

benefit of the insured beyond those required by her principal." *Id.* at 826 n.1. *Mercado*'s reasoning is therefore tied to the insurance context and inapplicable to this case.[9]

*McCabe* is also unavailing. The case involved the so-called "manager's privilege" in connection with the plaintiff's claim for wrongful discharge. In finding that the plaintiff could not state such a claim against his managers, the Ninth Circuit explained that the cause of action arose from the plaintiff's contractual relationship with his employer, who was also named as a defendant. *See* 811 F.2d at 1339. Because the managers acted solely within their managerial capacity, in the interests of their employer and not to benefit themselves, their conduct was privileged. *Id.* The *McCabe* court relied upon tortious interference with contract case law in finding that the plaintiff could not state a claim for wrongful discharge because of the privilege. Significantly, the court did not apply or even discuss the privilege in connection with the plaintiff's other claim for intentional interference with emotional distress. *See id.* (finding that this claim failed because the plaintiff failed to allege the requisite outrageous conduct).

Defendants essentially argue that the conduct of managerial employees is absolutely privileged so long as it occurs within the course and scope of employment. Other courts have rejected this same argument and found that the manager's privilege is limited to situations of contractual interference. In *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1179 (N.D. Cal. 2003), for example, the court explained the following:

---

[9] For similar reasons, *Caffaro v. Travelers Property Casualty Insurance Co.*, No. CV 13–07156 FMO 2014 U.S. Dist. LEXIS 177947 (C.D. Cal. Dec. 29, 2014), fails to support Defendants' theory of fraudulent joinder. That case also involved an alleged bad faith denial of insurance benefits. In finding that the joinder of one of the insurance company's employees was fraudulent, the court relied upon case law limited to the insurance context.

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15–02302 BRO (JCx)**<br>**CV 15–02311 BRO (JCx)**<br>**CV 15–02317 BRO (JCx)**<br>**CV 15–02318 BRO (JCx)**<br>**CV 15–02319 BRO (JCx)**<br>**CV 15–02320 BRO (JCx)** | Date | June 1, 2015 |
|---|---|---|---|
| Title | **AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.**<br>**LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.**<br>**THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.**<br>**THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.**<br>**THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.**<br>**DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL.** | | |

The manager's privilege arises from the notion that while a disinterested third party may be liable for interference with a contractual or economic relationship, a party having an interest in that relationship must be judged differently. *See, e.g., Kozlowsky v. Westminster Nat'l Bank*, 6 Cal. App. 3d 593 (Cal. Ct. App. 1970). Where a managerial employee is motivated by a desire to benefit his principal, his conduct in inducing a breach of contract should be privileged. *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 328 (9th Cir. 1982). The privilege is designed to further certain societal interests by fostering uninhibited advice by agents to their principals. *Id.* As such, "the manager's privilege is merely an application of the general rule that the tort of intentional interference with economic relations applies only to disinterested parties." *Graw v. Los Angeles Cnty. Metro. Transp. Auth.*, 52 F. Supp. 2d 1152, 1154 (C.D. Cal. 1999).

*See also Hattox v. State Farm Mut. Auto. Ins. Co.*, No. CV 12–02597 AJB 2013 WL 314953, at *7 (S.D. Cal. Jan. 25, 2013) (finding no authority for the proposition that the manager's privilege protects employees from liability for the tort of intentional infliction of emotional distress). The *Calero* court also noted that uncertainty exists as to whether the manager's privilege is an affirmative defense or part of the plaintiff's prima facie case, and whether the privilege is conditional or absolute. 271 F. Supp. 2d at 1180. Because it is not clear to the Court that the privilege applies in this case to bar each of Plaintiffs' tort claims against Individual Defendants, the Court cannot conclude that a California state court would find Plaintiffs' claims clearly deficient.

The Court reiterates that Defendants bear the burden of demonstrating the propriety of removal and that Individual Defendants were fraudulently joined. Because Defendants have failed to direct the Court to any well-settled California law that would

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15–02302 BRO (JCx)**<br>**CV 15–02311 BRO (JCx)**<br>**CV 15–02317 BRO (JCx)**<br>**CV 15–02318 BRO (JCx)**<br>**CV 15–02319 BRO (JCx)**<br>**CV 15–02320 BRO (JCx)** | Date | June 1, 2015 |
|---|---|---|---|
| Title | **AARON YOUNG V. OLYMPUS AMERICA, INC. ET AL.**<br>**LEO PALOMINO V. OLYMPUS AMERICA, INC. ET AL.**<br>**THE ESTATE OF SILVIA PATRICIA AROCHE ET AL. V. OLYMPUS AMERICA, INC. ETAL.**<br>**THE ESTATE OF ANTONIA CERDA ET AL. V. OLYMPUS AMERICA, INC. ET AL.**<br>**THE ESTATE OF MEHRANGIZ BOHADERI ET AL. V. OLYMPUS AMERICA, INC. ET AL.**<br>**DOMINGO GOMEZ V. OLYMPUS AMERICA, INC. ET AL.** | | |

preclude all of Plaintiffs' claims, Defendants have failed to carry this burden. Plaintiffs' motions to remand are therefore **GRANTED**.

## V.    CONCLUSION

For the foregoing reasons, the Court finds that Defendants have failed to carry their burden of demonstrating that removal was proper. Plaintiffs' motions to remand are therefore **GRANTED**. The six cases subject to this Order are hereby transferred to the Superior Court of California, County of Los Angeles.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | rf | |